IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| JON L. BRUNENKANT, <br><br> Plaintiff, <br><br> v. <br><br> SUBURBAN HOSPITAL, INC., *et al.*, <br><br> Defendants. | Civil Action No. 23-cv-01181-LKG <br><br> Dated: November 13, 2023 |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

This dispute arises from medical care provided to Plaintiff *pro se*, Jon L. Brunenkant, at Suburban Hospital on October 10, 2015, and October 11, 2015. ECF No. 1 at ¶¶ 8, 10 and 20. Defendants, Suburban Hospital Healthcare System, Inc. and Suburban Hospital, Inc., have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 14. No hearing is necessary to resolve the pending motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss and (2) **DISMISSES** the complaint.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

**A.   FACTUAL BACKGROUND**

This dispute arises from medical care provided to Plaintiff *pro se*, Jon L. Brunenkant, at Suburban Hospital on October 10, 2015, and October 11, 2015. *See generally*, ECF No. 1. Plaintiff is a citizen of the District of Columbia. *Id*. at ¶ 1. Defendant Suburban Hospital Healthcare System, Inc. is a Maryland community-based, not-for-profit hospital, located in

---

[1] The facts recited in this memorandum opinion are taken from the complaint (ECF No. 1); the Defendants' motion to dismiss (ECF No. 14); and the memoranda in support thereof (ECF No 14-1).

Bethesda, Maryland. *See id*. at ¶ 2. Defendant Suburban Hospital, Inc. is also a Maryland corporation. *Id.* at ¶ 3.

Plaintiff alleges in the complaint that Defendants were negligent in providing his medical care and fraudulently concealed the nature of their relationship with Dr. Daee. *See generally*, ECF No. 1. Specifically, Plaintiff asserts the following claims against the Defendants in the complaint: (1) fraudulent misrepresentation (Count 1) and (2) conspiracy to commit fraud (Count 2). *Id*. at ¶¶ 56-77. As relief, Plaintiff seeks to recover punitive damages from the Defendants. *Id.* at 19.

## Plaintiff's Surgeries

As background, on October 10, 2015, Plaintiff presented to the emergency room at Suburban Hospital with complaints of abdominal pain, persistent nausea and vomiting. *Id.* at ¶ 8. The emergency department attending physician suspected that Plaintiff had gallbladder disease (also known as cholecystitis) after ordering a CT scan of Plaintiff's abdomen, an electrocardiogram ("EKG") and an ultrasound correlation. *See id*. at ¶ 16.

Dr. Said A. Daee was scheduled as the on-call trauma and emergency services surgeon at Suburban Hospital on this date. *Id*. at ¶ 10. Plaintiff alleges that Defendants and Dr. Daee represented to Plaintiff, in their words, deeds, and actions, that Dr. Daee was an employee, agent, or apparent agent of Defendants, and that Dr. Daee acted on behalf of Defendants as their employee, agent, or apparent agent. *Id*. Dr. Daee confirmed the diagnosis of acute cholecystitis and recommended surgery to remove Plaintiff's diseased gallbladder. ECF No. 14 at 1.

On October 11, 2015, Dr. Daee performed surgery on Plaintiff, using a technique known as laparoscopic cholecystectomy (the "Lapchole Procedure"). ECF No. 1 at ¶ 20. Plaintiff alleges that Dr. Daee failed to meet the standard of care while performing the Lapchole Procedure, thereby causing injury to one or more of his bile ducts that are anatomically adjacent to the gallbladder. *See id.* at ¶¶ 20-23. In this regard, Plaintiff alleges that he lost between 600-700 ml of blood during the surgery and that Dr. Daee "negligently damaged Plaintiff's bile ducts and connections to his liver, thus seriously impairing Plaintiff's life and physical well-being." *Id.* at ¶ 21. Plaintiff also alleges that, despite significant bleeding, no precautions were taken to protect him after the surgery. *Id.* at ¶ 24.

In addition, Plaintiff alleges that Defendants and Dr. Daee failed to inform him of the risks of surgery, or to mention a safer alternative. *Id.* at ¶ 18. Plaintiff also alleges that Defendants and Dr. Daee failed to obtain his informed consent for the surgery. *Id.* at ¶ 19.

It is undisputed that Plaintiff was diagnosed with a bile duct injury following the Lapchole Procedure. ECF No. 14 at 1. On October 22, 2015, Defendants arranged for Dr. Naveen Gupta to perform another surgery. ECF No. 1 at ¶ 28. Due to the lack of necessary facilities to repair the injuries suffered by Plaintiff, Dr. Gupta recommended that Plaintiff be transferred to Georgetown University Hospital. *Id*. at ¶ 29. On October 24, 2015, Plaintiff was transferred to Georgetown University Hospital where he underwent further evaluation of his bile duct injury during a several-day admission. *Id*. at ¶¶ 32-35.

On November 20, 2015, Plaintiff returned to Georgetown University Hospital and underwent a definitive procedure to repair his bile duct injury. *Id*. at ¶ 36. Plaintiff alleges that this surgery exposed all the medical malpractice of Defendants and Dr. Daee, and further demonstrates the Defendants' negligence and malpractice in not providing the standard of care they were obligated to provide to Plaintiff. *Id.* at ¶¶ 37, 39.

Plaintiff's HCADRO Claim And Prior Litigation

On October 9, 2018, Plaintiff filed a claim in the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO") alleging that Dr. Daee negligently performed the Lapchole Procedure, causing the injuries alleged in this action. *Id.* at ¶ 42; *see* ECF No. 14-2. Plaintiff also alleged in his HCADRO claim that Dr. Daee was the employee or actual/apparent agent of Defendants. ECF No. 14-2 at ¶¶ 9 and 10.

On January 17, 2020, Plaintiff filed a medical negligence action against the Defendants in this Court. ECF No. 1 at ¶ 47; *see Brunenkant v. Suburban Hospital Healthcare System, Inc., et al.*, No. 8:20-cv-0150 (Brunenkant I). Plaintiff filed this case on May 4, 2023. ECF No. 1.

B.     **Procedural Background**

Plaintiff commenced this civil action on May 4, 2023. *Id.* On July 10, 2023, the Defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 14 and 14-1. On July 25, 2023, Plaintiff filed a response in opposition to the Defendants' motion to dismiss. ECF No. 16. The Defendants filed

a reply brief on August 2, 2023.  ECF No. 18.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. The Statute Of Limitations And Fraudulent Concealment

Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the [Maryland] Code provides a different period of time within which an action shall be commenced."  Md. Code Ann., Cts. & Jud. Proc. § 5-101.  And so, generally, if the plaintiff's right of action arose and accrued more than three years before the suit was begun, then the relief sought must be denied.  *Id.*

The State of Maryland has also adopted the discovery rule for determining when a cause of action accrues.  *Hahn v. Claybrook*, 130 Md. 179, 100 A. 83, 84 (1917).  The discovery rule tolls "the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury."  *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 94, 756 A.2d 963, 973 (2000).  And so, the limitations period for a civil action begins to run when the plaintiff knows of circumstances which would cause a reasonable person in the plaintiff's position to investigate with reasonable diligence and such investigation would have led to the discovery of the alleged tort.  *Pennwalt Corp. v. Nasios*, 314 Md. 433, 447, 550 A.2d 1155, 1163 (1988).

In addition, Section 5-109 of the Maryland Code's Courts and Judicial Proceedings Article sets forth the statute of limitations for claims filed against health care providers arising out of the care and services that they provide.  Md. Code Ann., Cts. & Jud. Pro. § 5-109.  Section 5-109 provides that:

> (a) An action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider, as defined in § 3-2A-01 of this article, shall be filed within the earlier of:
>
> (1) Five years of the time the injury was committed; or
> (2) Three years of the date the injury was discovered.

*Id.* Maryland courts have held that a plaintiff has a maximum of 5 years following the date on which the injury was committed by medical malpractice to file a claim, regardless of whether the cause of action was reasonably discoverable. *See Thomas v. Shear*, 247 Md. App. 430, 474, 236 A.3d 781, 807 (2020). And so, the 5-year limitations period under Section 5-109 will run its full length only under circumstances where the 3-year limitations period does not operate to bar a claim at an earlier date. *Id*.

Lastly, Section 5-203 of the Maryland Code's Courts and Judicial Proceedings Article also addresses the tolling of the statute of limitations when there has been fraudulent concealment and this provision provides that:

> If the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud.

Md. Code Ann., Cts. & Jud. Pro. § 5-203. And so, Section 5-203 can toll the statute of limitations in the case of fraudulent concealment of a cause of action. *Dual, Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 170 (2004) (holding that the fraudulent concealment theory may serve to toll the statute of limitations where "(1) the plaintiff has been kept in ignorance of the cause of action by the fraud of the adverse party, and (2) the plaintiff has exercised usual or ordinary diligence for the discovery and protection of his or her rights"… a party's diligence is critical in establishing his right to equitable tolling due to fraudulent concealment."); *see also Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 495 F. App'x 350, 355–56 (4th Cir. 2012) (citing *Frederick Rd.*, 360 Md. at 98). In this regard, Maryland courts have held that the "complaint relying on the fraudulent concealment doctrine must also contain specific allegations of how the fraud kept the plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence." *Dual*, 383 Md. at 169. To toll the statute of limitations upon the grounds of fraudulent concealment, a plaintiff must articulate in the complaint how the plaintiff learned of the fraud and why a diligent plaintiff could not have discovered his or her claim sooner. *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 189, 689 A.2d 634, 644 (1997).

## IV. LEGAL ANALYSIS

Defendants have moved to dismiss Plaintiff's claims in this matter upon the grounds that Plaintiff's claims are: (1) time-barred and (2) precluded, because Plaintiff failed to file these claims with the Maryland Health Care Alternative Dispute Resolution Office before commencing this action. ECF No. 14-1 at 14, 18, 22. Plaintiff counters that dismissal of this matter is not warranted, because: (1) the statute of limitations applicable to his fraud claims had not run when the complaint was filed and (2) the Defendants' arguments seeking the dismissal of his claims are barred by the doctrine of judicial estoppel.

For the reasons set forth below, a careful reading of the complaint shows that Plaintiff's claims are time-barred under Section 5-109 of the Maryland Code, because Plaintiff failed to bring this action within 5 years of the discovery of his alleged injuries. And so, the Court: (1) GRANTS the Defendants' motion to dismiss and (2) DISMISSES the complaint.

### A. Plaintiff's Claims Are Time-Barred

As an initial matter, the Defendants persuasively argue that the Court should dismiss this matter, because Plaintiff's claims are time-barred under Maryland law. Section 5-109 of the Maryland Code's Courts and Judicial Proceedings Article sets forth the applicable statute of limitations for claims brought against health care providers that arise out of the care and services provided by such health care providers. Section 5-109 provies that:

> An action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider, as defined in § 3-2A-01 of this article, shall be filed within the earlier of: (1) Five years of the time the injury was committed; or (2) Three years of the date the injury was discovered.

Md. Code Ann., Cts. & Jud. Pro. § 5-109. Maryland courts have held that section 5-109 requires that, at most, a plaintiff has a maximum of five years following the date the alleged injury was committed by medical malpractice to file a claim, regardless of whether the cause of action was reasonably discoverable or not. *See Thomas*, 247 Md. App. at 474, 236 A.3d at 807.

The complaint in this case makes clear that Plaintiff's fraudulent misrepresentation and conspiracy to commit fraud claims are untimely under Section 5-109. Plaintiff alleges in the complaint that Dr. Daee performed the laparoscopic surgery at issue on October 11, 2015, and

that this surgery resulted in severe injuries to Paintiff's bile ducts and liver. ECF No. 1 at ¶ 20. Given this, the injury at issue in this case occurred on October 11, 2015.

Plaintiff also alleges in the complaint that the corrective surgery performed by Dr. Gupta on November 20, 2015, exposed the medical malpractice of the Defendants. *Id.* at ¶¶ 37, 39. Given this, Plaintiff acknowledges in the complaint that he was aware of the Defendants' alleged medical negligence no later than on November 20, 2015.

Under Section 5-109, Plaintiff had five years from that date, up to and until November 20, 2020 to file his claims. It is undisputed that Plaintiff commenced this matter on May 23, 2023, well-beyond this five year limitations period. ECF No. 1. And so, Plaintiff's claims are untimely. *Thomas*, 247 Md. App. at 474, 236 A.3d at 807.

### B. Section 5-203 Does Not Toll The Statute Of Limitations

Plaintiff's reliance upon Section 5-203 of the Maryland Code's Courts and Judicial Proceedings Article to toll the statute of limitations in this case is also misplaced. Section 5-203 can toll Maryland's statute of limitations under certain circumstances and this provision provides that:

> If the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud.

Md. Code Ann., Cts. & Jud. Pro. § 5-203. But to rely upon this provision, the complaint must "contain specific allegations of how the fraud kept [Plaintiff] in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence." *Dual*, 383 Md. at 169; *see also Doe v. Archdiocese of Washington*, 114 Md. App. 169, 189, 689 A.2d 634, 644 (1997)( To toll the statute of limitations upon the gounds of fraudulent concealment, a plaintiff must articulate in the complaint how the plaintiff learned of the fraud and why a diligent plaintiff could not have discovered his or her claim sooner.).

The complaint is devoid of such detail and information. In fact, a close reading of the complaint shows that the "fraud" alleged in this case involves the Defendants purported misrepresentations, in word and/or deed, that an employee-employer, or agency relationship existed between the Defendants and Dr. Daee. *See* ECF No. 1 at ¶ 11. But Plaintiff does not

explain in the complaint how this alleged fraudulent conduct prevented him from becoming aware of his causes of action against the Defendants. *See generally*, ECF No. 1.

Again, Plaintiff acknowledges in the complaint that he became aware of his injuries no later than on November 20, 2015, when Dr. Gupta performed a corrective surgery. There are no facts in the complaint to explain or show how the Defendants interfered with Plaintiff's ability to discover the alleged fraud involving their relationship with Dr. Daee. ECF No. 1.

Because the factual allegations in the complaint simply do not allege, or show that the Defendants' prevented Plaintiff from becoming aware of his causes of action in this case, Section 5-203 cannot revive his untimely claims.[2] And so, the Court GRANTS the Defendants' motion to dismiss and DISMISSES the complaint.

## V.    CONCLUSION

In sum, a careful reading of the complaint shows that Plaintiff's claims in this action are time-barred under Maryland law. And so, for the foregoing reasons, the Court:

(1) **GRANTS** Defendants' motion to dismiss; and

(2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] Plaintiff's argument that the doctrine of judicial estoppel should preclude dismissal of this matter is also unavailing. Judicial estoppel prevents a party from adopting a position inconsistent with a stance taken previously in litigation. *Aegis Bus. Credit, LLC v. Brigade Holding Inc.*, No. 8:21-cv-00668-AAQ, 2023 WL 144576, at *4 (D. Md. Jan. 10, 2023) (citing *United Virginia Bank v. B.F. Saul Real Estate Investment Trust*, 641 F.2d 185, 190 (4th Cir. 1981). But the Court finds no inconsistencies between the Defendants' arguments seeking the dismissal of this case and the position the Defendants have advanced in Plaintiff's other litigation before this Court.